UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT SPEARS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-00356-SEB-MJD |
| WEXFORD HEALTH, et al. | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT HOWE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert Spears has been confined within the Indiana Department of Correction (IDOC) since 2016. This action concerns the level of medical care Mr. Spears received while he was incarcerated at Pendleton Correctional Facility (Pendleton). Mr. Spears alleges that doctors he met with prior to his transfer to Pendleton, but while still incarcerated within IDOC, recommended that Mr. Spears receive an injection in his fifth lumbar nerve to relieve pain he had in his back.

Defendant Dr. Charles Howe is a licensed physician who specializes in anesthesiology and pain management. Dr. Howe treated Mr. Spears at St. Vincent Anderson Regional Hospital while Mr. Spears was held at Pendleton. Mr. Spears's complaint asserts a claim against Dr. Howe under the Eighth Amendment.[1]

This civil rights action is before the Court for resolution of Dr. Howe's motion for summary judgment, dkt. 78. For the reasons discussed below, the motion is **granted.**

---

[1] Mr. Spears's complaint asserts separate claims against additional defendants. Those claims and defendants are not discussed herein as those defendants have yet to file dispositive motions.

## I. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence from which a reasonable juror could return a verdict in favor of the non-moving party. *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir. 2012).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome-determinative. *Montgomery v. American Airlines Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 569, 572 (7th Cir. 2017) (internal quotation omitted). "Any doubt as to the existence of a genuine issue for trial is resolved against the moving party." *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

**II.     Facts**

Robert Spears is currently incarcerated at Pendleton. Dkt. 1 at 1. Prior to arriving at Pendleton, Mr. Spears was incarcerated at Putnamville Correctional Facility (Putnamville). Dkt. 1 at 2. In April 2017, while at Putnamville, Dr. William Spanenberg recommended that Mr. Spears undergo a selective nerve root injection (SNRI) on his second and fifth lumbar nerve to address Mr. Spears's chronic back pain. Dkt. 86-1 at 9-11.[2]

Two months later, in June 2017, while still at Putnamville, Mr. Spears received medical care from Dr. Madsen regarding his back pain. *Id.*; dkt. 86-1 at 3. Dr. Madsen referred Mr. Spears to Dr. Ballestaros for an SNRI. Dkt. 86-1 at 3; *see also* dkt. 1 at 2. Dr. Madsen opined that the pain

---

[2] Dr. Howe asks the Court to disregard the medical records submitted by Mr. Spears because they are unauthenticated and contain inadmissible hearsay. Dkt. 87 at 2-3. The Court is going to take the "more flexible approach" to Mr. Spears's submissions, however, and excuse his non-compliance with the Local Rules in light of the fact that Mr. Spears is proceeding *pro se*, and Dr. Howe raises only procedural arguments against the admissibility of the medical records. *See Gray v. Hardy*, 826 F.3d 1000, 1004-05 (7th Cir. 2016) (recognizing that a district court may overlook a *pro se* party's non-compliance with the local rules and construe his evidentiary materials in the light most favorable to him).

3

may be coming from Mr. Spears's fourth or fifth lumbar nerve or his first sacral nerve. Dkt. 86-1 at 3; *see also* dkt. 1 at 2.

While Mr. Spears was waiting for this procedure to occur, he was transferred to Pendleton. Dkt. 1 at 2. On November 1, 2017, Mr. Spears had a medical appointment with Dr. Charles Howe at St. Vincent Anderson Regional Hospital. Dkt. 1 at 2; dkt. 80-1 at ¶3. Dr. Howe was to perform an SNRI to treat Mr. Spears's back pain. Dkt. 80-1 at ¶3. Although Mr. Spears thought the procedure should target the fifth lumbar nerve, dkt. 1 at 2, Dr. Howe concluded that Mr. Spears's pain likely originated from the fourth lumbar nerve. Dkt. 80-1 at ¶¶4-5. Dr. Howe performed the SNRI on the fourth lumbar nerve in Mr. Spears's back. Dkt. 1 at 2; dkt. 80-1 at ¶6.

The parties disagree as to the result of the SNRI. Mr. Spears claims that he told Dr. Howe that he was still in pain after the procedure and that Dr. Howe stated it would take three to seven days for the injection to take effect. Dkt. 1 at 2. Dr. Howe claims that Mr. Spears "reported complete pain relief immediately following the procedure." Dkt. 80-1 at ¶6; *see also* dkt. 86-1 at 4 ("The patient had complete relief of his pain immediately post injection.").[3]

**III. Analysis**

"The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain." *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661-62 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

---

[3] The affidavit submitted by Dr. Howe also details treatment provided to Mr. Spears by Dr. Howe after Mr. Spears filed his complaint. That treatment is not discussed here as it is not relevant to Mr. Spears's claim against Dr. Howe.

To prevail on a claim for deliberate indifference to serious medical needs, a plaintiff must make two showings: (1) he suffers from an objectively serious medical condition and (2) the defendant "was deliberately, that is subjectively, indifferent to the plaintiff's medical condition." *Whiting*, 839 F3d. at 662; *Pyles*, 771 F.3d at 409.

### A. Serious Medical Condition

Under the first objective prong of the deliberate indifference analysis, "[a] medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles*, 771 F.3d at 409. For purposes of the motion for summary judgment, Dr. Howe does not dispute that Mr. Spears had an objectively serious medical condition at the time Dr. Howe treated Mr. Spears. *See* Dkt. 79 at 5-6 and n.2. Consequently, resolution of the motion for summary judgment depends on the second prong of the analysis.

### B. Knowledge of and Disregard for Risk

"A prison official is deliberately indifferent only if he 'knows of and disregards an excessive risk to inmate health or safety." *Whiting*, 839 F.3d at 662 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This is a subjective test: "[t]he defendant must know of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference." *Id.*; *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc).

"When a prison medical professional is accused of providing *inadequate* treatment (in contrast to *no* treatment), evaluating the subjective state-of-mind element can be difficult." *Whiting*, 839 F.3d at 662. This is so because "[a] medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting *Collignon v.*

5

*Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)); *see also Pyles*, 771 F.3d at 409. This Court "will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." *Pyles*, 711 F.3d at 409; *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "It's clear that evidence of medical negligence is not enough to prove deliberate indifference. . . . So without more, a mistake in professional judgment cannot be deliberate indifference." *Whiting*, 839 F.3d at 662 (collecting cases).

The undisputed facts of this case establish that Dr. Howe was not deliberately indifferent to Mr. Spears's serious medical needs. According to the medical records submitted by Mr. Spears, three different doctors evaluated his back pain, and all three doctors reached similar, yet slightly different, conclusions as to the cause of the pain. First, Dr. Spanenberg recommended an SNRI for the second and fifth lumbar nerves. Dkt. 86-1 at 9-11. Dr. Madsen also recommended an SNRI, but he opined that the problem area was likely the fourth or fifth lumbar nerve or the first sacral nerve. Dkt. 86-1 at 3. After evaluating Mr. Spears on November 1, 2017, Dr. Howe, a specialist in pain management, concluded the SNRI needed to target the fourth lumbar nerve. Dkt. 86-1 at 4; *see also* dkt. 80-1 at ¶¶3-5.

Under these facts, Dr. Howe is entitled to deference on his treatment decision. He evaluated Mr. Spears's complaints of pain, and he exercised medical judgment as to the location of the pain. Although Dr. Howe's conclusion about the location of the pain differed from Dr. Spanenberg's conclusion, disagreement between two medical professionals about the proper course of treatment "generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles*, 771 F.3d at 409. Furthermore, the similarity between the conclusions of all three doctors demonstrates that

Dr. Howe's decision was not such a significant departure from professional standards to undermine whether Dr. Howe was exercising his professional judgment. *See id.*

Additionally, although Mr. Spears alleges that Dr. Howe should have reviewed Mr. Spears's medical records prior to performing the SNRI, *see* dkt. 86 at 8, Mr. Spears's medical records do not conclusively establish that the SNRI should have been performed on the fifth lumbar nerve. As explained above, while Dr. Spanenberg concluded the second and fifth lumbar nerves were the cause of the pain, Dr. Madsen opined that it could be the fourth or fifth lumbar nerves or the first sacral nerve. *Compare* dkt. 86-1 at 9-11 *with* dkt. 86-1 at 3. Contrary to Mr. Spears's assertions, the location of the pain was not definitely established. Dr. Howe did not deviate from professional standards when he elected to evaluate Mr. Spears's pain at the time of the SNRI—and treat him accordingly—rather than rely on medical records that were at least four months old.

## IV. Conclusion

Defendant Dr. Charles Howe's motion for summary judgment, dkt. [78], is **granted**. All claims against Dr. Charles Howe are **dismissed with prejudice**. However, no partial judgment shall issue at this time as Mr. Spears' claims against Wexford Health, Dr. Paul Talbot, and Nurse Practitioner Murage remain pending. The clerk **is directed to** terminate Dr. Howe on the docket.

**IT IS SO ORDERED.**

Date: 3/19/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT SPEARS
893470
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeffrey M. Kraft
SCHULTZ & POGUE LLP
jkraft@schultzpoguelaw.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com